UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER GARCIA DE CASTILLO (A236-632-829),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-06564-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Mexico who lawfully entered the United States on February 14, 2001 on a tourist visa. ECF No. 9-1 at 2 (I -213 Form). The visa expired on August 13, 2001, but Petitioner remained in this country. ECF No. 9-1 at 3. She subsequently submitted an application to adjust her status (I-485) and her U.S. citizen daughter also filed an I-130 application on Petitioner's behalf. On August 7, 2026, after living in the United States for over 25 years, Petitioner reported to the U.S. Citizenship and Immigration Services ("USCIS") office for a scheduled interview on her pending I-485 application. ECF No. 1. Immigration and Customs Enforcement ("ICE") arrested her at that appointment and served her with a Notice to Appear in immigration court for overstaying her visa in violation of Section 237(a)(1)(B) of the

Immigration and Nationality Act. ECF No. 9-1 at 4-7. ICE transferred her to the California City Detention Facility which is located in this judicial district.

On August 14, 2026, Petitioner filed the instant § 2241 petition. Claim One challenges her warrantless arrest in violation of 8 U.S.C. § 1226(a) and § 1357(a)(2). ECF No. 1. In Claim Two, she contends that her Fifth Amendment right to procedural due process was violated when she was detained without a predeprivation hearing before a neutral decision maker. ECF No. 1.

On August 20, 2026, Petitioner appeared before an immigration judge ("IJ") for a custody redetermination hearing. The IJ denied Petitioner bond, finding that she presented a flight risk. ECF No. 9-2 at 54. Petitioner reserved her right to appeal the IJ decision. Id.

On August 22, 2026, Petitioner filed a supplemental brief to her § 2241 petition, challenging whether the IJ's bond decision lawfully applied an individualized flight-risk standard. ECF No. 6.

Respondent submitted an answer to the original § 2241 petition, requesting that it be dismissed without prejudice because an IJ held a § 1226(a) hearing and denied Petitioner a bond based on flight risk. ECF No. 9. According to Respondent, Petitioner received all of the process that she was entitled to pursuant to § 1226(a). To the extent that she is challenging the IJ's bond denial in her supplemental brief, Respondent asserts that Petitioner "identifies no legal defect and no materially changed circumstances to justify a new hearing." ECF No. 9 at 3. Additionally, "[p]rudential exhaustion ordinarily requires completion of the EOIR process before habeas review because it promotes agency expertise, produces a fuller record, and conserves judicial resources." ECF No. 9 at 2. Respondent also lodged the digital audio recording of the bond hearing as well as several immigration records pertaining to Petitioner. ECF Nos. 8, 9-1, 9-2. These records confirm that Petitioner has no criminal history. ECF No. 9-1. However, Respondent did not submit a copy of the I-200 administrative arrest warrant that was purportedly issued in this case. See ECF No. 9-1 at 2.

By way of reply, Petitioner emphasizes that "[a] post-deprivation hearing does not necessarily answer whether constitutionally adequate process was required before longstanding liberty was extinguished, and the resulting custody determination remains subject to limited

federal review to determine whether the governing legal standard was actually applied." ECF No. 10 at 4. Petitioner also points out Respondent's failure to provide the administrative arrest warrant in this case which "would eliminate uncertainty concerning its authorization and timing." ECF No. 10 at 9.

**II. Statutory Detention Authority**

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

Although the parties agree that Petitioner is detained pursuant to § 1226(a) and had an IJ bond hearing on August 20, 2026, that does not resolve the pending claims in this case. Petitioner challenges her warrantless arrest, as well as the lack of a pre-deprivation hearing prior to her arrest.[1] The undersigned finds that Petitioner had a protected liberty interest in remaining free from custody based on her significant community ties developed over 25 years in the United States and the government's decision not to detain her after she applied to adjust her immigration status. See Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026). Petitioner apparently filed an application to adjust her status to that of lawful

---

[1] Administrative exhaustion should be waived in this case pursuant to Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), based on the irreparable injury that would result to Petitioner in the absence of review of the constitutional claims raised in her § 2241 petition.

permanent residence in 2003. ECF No. 1 at 2 (noting that Petitioner's immigrant visa paperwork has a priority date of April 6, 2003). Respondent's answer ignored the decades-long pendency of Petitioner's applications for immigration benefits (I-485 and I-130 petitions) at the time of her arrest. Nor did Respondent's answer provide any justification for detaining Petitioner at that point in time when she had apparently complied with all of the appointment notices issued by USCIS pertaining to her pending applications. See ECF No. 9-2 at 23 (Biometric appointment on March 20, 2026). "By concluding that there was no need to detain Petitioner after his B-2 visitor visa had expired, and instead sanctioning his continued presence in the United States by granting and renewing his employment authorization, the government vested in Petitioner a liberty interest in his continued freedom." Gagik T., 2026 WL 1837413 at *3. In this case, the government continued to let Petitioner remain at liberty when her tourist visa expired and she initially filed petitions to adjust her immigration status. This 25-year time period vested Petitioner with a liberty interest protected by the Fifth Amendment due process clause.

Having determined that Petitioner had a protected liberty interest, the question remains what process is due based on that interest. The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to answer this question.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because she has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for over twenty five years before being detained in this case. The duration of her freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty."). Here, "the Government ha[s] made a decision not to detain" a non-citizen "in the first place" after the filing of an application for immigration benefits, "this decision vest[s] the same liberty interest as a prior detention and release." Gagik T., 2026 WL 1837413, at *3 (quoting Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026)); see also id. (finding that this "course of conduct" by the government "reflect[s] a

sustained decision to permit Petitioner's liberty").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in Petitioner's favor despite the fact that she was provided with a post-deprivation hearing. There is no explanation in the record as to why Petitioner was detained at her second scheduled appointment with USCIS, but not her first biometrics appointment in March 2026. ECF No. 9-2 at 23. Petitioner was not arrested on any criminal charges between these two dates. Therefore, Petitioner's arrest in August 2026 seems arbitrary. Based on this factual record, there is an unacceptable risk of an erroneous deprivation of a noncitizen's liberty without any change in circumstances. Thus, the second Mathews factor also favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation hearing prior to detaining her. Respondent points to no reason a pre-deprivation hearing could not be held in this case. Accordingly, Petitioners § 2241 petition should be granted based on the procedural due process violation raised in Claim Two.[2]

Accordingly, IT IS HEREBY RECOMMENDED that

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be granted on Claim Two only.

2. Respondent be ordered to immediately release Petitioner ESTHER GARCIA DE

[2] In the interests of judicial economy, the undersigned does not address Claim One, concerning the allegedly warrantless arrest.

CASTILLO (A236-632-829), from custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE