UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER GARCIA DE CASTILLO (A#236-632-829),<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-cv-06564-DC-SCR (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 11, 14) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 14, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On September 18, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 12.) On September 19, 2026, Petitioner filed a reply to Respondents' objections. (Doc. No. 13.) On October 5, 2026, Petitioner filed a request for expedited adjudication. (Doc. No. 14.)

In their objections to the findings and recommendations, Respondents object to the magistrate judge's recommendation that the petition be granted. (Doc. No. 12.) Respondents assert that Petitioner is entitled to no relief because: civil immigration detention during ongoing

removal proceedings is constitutionally permissible; Petitioner is detained under 8 U.S.C. § 1226(a) and the Ninth Circuit in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) found that this statute provides adequate process; Petitioner has received the statutory process owed to her in the form a post-deprivation bond hearing; *Mathews v. Eldridge*, 424 U.S. 319 (1976), counsels against finding a due process violation here; and this court has previously ordered post-deprivation bond hearings rather than release in some cases. (*Id.*) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same). This line of cases applies directly to Petitioner who was detained at an adjustment of status appointment with the United States Citizenship and Immigration Services after living in the United States for decades following the expiration of the visa under which she was lawfully admitted. (Doc. Nos. 1 at 2–3; 9 at 1; 9-1 at 3.)

Lastly, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned

liberty. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–6. Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 14, 2026 (Doc. No. 11), are ADOPTED;
2. Petitioner Esther Garcia De Castillo's (A-236-632-829) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED on Count Two;[1]
   a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions she was subject to immediately prior to her detention in August 2026. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon her release from custody;
   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

[1] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Dena Coggins
United States District Judge